

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Stephanie E. O'Byrne
stephanie.obyrne@us.dlapiper.com
T   302.468.5645
F   302.691.4745

March 25, 2025
*VIA ECF*

The Honorable Judge Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re:   *DRB Systems, LLC v. Sonny's Enterprises, LLC*, C.A. No. 23-960-RGA-LDH

Dear Judge Andrews:

We write in response to the March 24, 2025 letter filed by counsel for Sonny's Enterprises, LLC ("Defendant"). D.I. 111. Delaware counsel for Plaintiff DRB Systems, LLC ("Plaintiff") joined a call to the Court on the afternoon Friday, March 21, 2025 where Defendant's counsel inquired whether the case Scheduling Order permits Defendant to file an early *Daubert* motion. See D.I. 14 at 9(b). Counsel were advised to try to agree on a proposal forward, and thereafter, Defendant could file a letter seeking leave to file, akin to an early summary judgment request. Defendant's counsel did not thereafter seek to discuss the issue as the Court instructed before Defendant filed its letter on Monday.

Defendant's letter does not simply seek leave; it argues the merits of its proposed early motion and should be disregarded as improper briefing. However, even a cursory review reveals that Defendant's proposed motion is not a *Daubert* issue at all. Defendant's transparent attempt to circumvent the Scheduling Order, which definitively sets the timeframe for bringing dispositive motions, should be rejected.

Defendant only takes issue with DRB's technical expert's application of the Court's construction to the facts. Defendant does not, for example, identify any opinions that set forth his own competing or deviating construction. *See Align Tech. Inc. v. 3Shape A/S*, C.A. No. 17-1646-LPS, 2021 WL 534903, at *2 (D. Del. Feb. 12, 2021) (concluding expert is "allowed to provide opinions reflecting the application of the Court's claim construction to the facts of th[e] case," "as long as he does not set forth his own construction of [the term] and instead applies the Court's claim construction."); *see EMC Corp. v. Pure Storage*, *Inc*., 154 F. Supp. 3d 81, 109 (D. Del. 2016) ("Expert testimony regarding whether an accused device falls within the scope of a court's claim construction is appropriate and raises a factual issue for the jury to resolve."). This is not a reliability question under FRE 702, but rather an early summary judgment request disguised as a *Daubert* challenge.



VIA ECF

The Honorable Judge Richard G. Andrews
March 25, 2025
Page Two


Furthermore, there is no reason to elevate the non-infringement position Defendant previews in its letter above the other issues the parties may raise on summary judgment. And even if this were properly considered a *Daubert* challenge (which it is not), it would be premature to brief this issue now while expert discovery is still ongoing. Indeed, Defendant acknowledges that expert discovery has not yet closed. D.I. 111 at 2. DRB's technical expert, Mr. Chris Wilson, has not even submitted his reply expert report, due on March 31, 2025 under the Scheduling Order, in which he is entitled to respond to Plaintiff's expert's critique of his infringement analysis, including for this particular claim term. Nor have the experts been deposed. This issue is far from ripe for adjudication, and it would be both inefficient and prejudicial to DRB to decide this issue through the lens of an incomplete expert discovery record. The Court need not extend its limited resources to address the infringement issues piecemeal on multiple occasions.

Defendant's request to file an early *Daubert* motion should be denied for the above reasons. Because Plaintiff has not demonstrated either that this is a *Daubert* issue under Rule 702, or that there is any compelling reason to brief this issue out of order, Plaintiff's request to file an early *Daubert* motion should be denied.

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Stephanie E. O'Byrne*
Stephanie E. O'Byrne (DE Bar No. 4446)

cc: All counsel of record